FILED
U.S. DISTRICT COURT
2011 JAN 11 PM 3:27
CLERK CAdams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SAMUEL F. ADUSAH,<br><br>Plaintiff,<br><br>v.<br><br>DR. STEVENS, Augusta State Medical Prison,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV 110-122 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Hancock State Prison in Sparta, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I. BACKGROUND

Plaintiff names Dr. Stevens as the sole Defendant in this case. (Doc. no. 1, p. 1.)

[1]As explained more fully below, the events alleged in Plaintiff's complaint occurred at the Augusta State Medical Prison in Grovetown, Georgia.

Plaintiff alleges that he had a tooth extracted on January 19, 2009, following which he developed a "knot" where the tooth had been extracted. (Id. at 5.) According to Plaintiff, he was told that he would need surgery to remedy his condition and was subsequently transferred to Augusta State Medical Prison for the procedure. (Id. at 5.) Plaintiff states that Defendant Stevens performed the surgery on August 17, 2009. (Id.) Plaintiff maintains that during the surgery, Dr. Stevens severed a nerve and sewed stitches into the wrong part of his mouth. (Id.) Plaintiff asserts that, as a result, he suffered nerve damage, dizziness, loss of appetite, extreme pain, and numbness in his jaw and tongue. (Id.)

With regard to utilizing the prison grievance procedure, Plaintiff states that he complained of his condition to prison officials on June 27, 2010, and was told by medical staff at Hancock State Prison on August 3, 2010 that his symptoms were normal for the type of surgery he had undergone. (Id. at 3.) Plaintiff states that he did not appeal his the initial adverse response because "it would have been a waste of time as the State will only prolong the grievance and deny all relief." (Id. at 4.) For relief, Plaintiff seeks monetary compensation. (Id. at 6.)

## II. DISCUSSION

Plaintiff's claim should be dismissed because of his failure to exhaust his administrative remedies. Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's

mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 548 U.S. 925 (2006).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Other federal circuits have similarly held that the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001); Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999). Finally, under the PLRA, the Court has no

discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

The administrative grievance procedure applicable in this case is governed by the Georgia Department of Corrections' Standard Operating Procedure ("SOP") IIB05-0001. Once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. SOP IIB05-0001 § VI(B). The inmate has ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal grievance. SOP IIB05-0001 § VI(B)(5). The timeliness requirements of the administrative process may be waived upon a showing of good cause. See id. §§ VI(C)(2) & (D)(2). The SOP requires that an inmate be given a response to his informal grievance within ten calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id. § VI(B)(12)-(13).

If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden/Superintendent has 30 calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five business days from the receipt of the response to file an appeal

to the Office of the Commissioner; the Office of the Commissioner or his designee then has 90 calendar days after receipt of the grievance appeal to respond. Id. §§ VI(D)(2) & (5). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. See id. § VI(D).

Here, it is apparent from Plaintiff's complaint that he did not exhaust his administrative remedies prior to the commencement this case, as is required under the PLRA. Plaintiff filed his complaint less a month and a half after receiving an adverse response to his initial grievance, without having filed a formal grievance with the warden or appealing to the Office of the Commissioner, as provided for in the applicable Department of Corrections Standard Operating Procedures. See SOP IIB05-0001 § VI. More importantly, Plaintiff admits that he has failed to complete the exhaustion process concerning the claim set forth in his complaint. He states that following the denial of his initial grievance he did not utilize the prison grievance procedure because "it would have been a waste of time as the State will only prolong the grievance and deny all relief." (Doc. no. 1, p. 4.) However, Plaintiff's assertion that the grievance procedures available to him would be "a waste of time" do not exempt him from the requirement that he exhaust every step of his administrative remedies. See Alexander, 159 F.3d at 1325-26 (holding that courts do not have authority to waive grievance procedures even if they are ineffective or futile). As exhaustion of administrative remedies is a "precondition" to filing an action in federal court, Plaintiff had to complete the entire administrative grievance procedure *before* initiating this suit. Therefore, his Eighth Amendment claim – the sole claim set forth in his complaint – should be dismissed without

prejudice.[2]

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that that Plaintiff's complaint be **DISMISSED** without prejudice for failure to exhaust administrative remedies and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of January, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

[2]The Court recognizes that the Supreme Court recently held that under the PLRA, exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, 215 (2007). However, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Id. at 14; see also Clark v. Georgia Bd. of Pardons and Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies"). Therefore, because it is clear from the face of Plaintiff's complaint that he failed to exhaust his administrative remedies, the Court can properly recommend that Plaintiff's complaint be dismissed. See Anderson v. Donald, Civil Case No. 06-16322 (11th Cir. Jan. 8, 2008) (finding that the district court properly dismissed the plaintiff's complaint because the allegations in the complaint sufficed to establish that Plaintiff failed to exhaust his administrative remedies).