IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SAMUEL F. ADUSAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-122 |
| | ) | |
| DR. STEVENS, Augusta State Medical Prison, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), to which objections have been filed (doc. no. 11.) The Magistrate Judge recommended that Plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies. In particular, the Magistrate Judge found that Plaintiff, an inmate incarcerated at Hancock State Prison,[1] had not utilized all steps of the grievance procedure before commencing this case. (Doc. no. 9.)

As an initial matter, the Court notes that in addition to his objections, Plaintiff has filed a "Petition to Supplement Record," in which he asks the Court to accept documentation relating to his prison grievances. (Doc. no. 12.) Plaintiff has attached the documentation to this filing. (Doc. no. 12-1.) The Court will consider this documentation in determining whether Plaintiff's objections warrant departure from the Magistrate Judge's conclusions.

---

[1] Though Plaintiff is incarcerated at Hancock State Prison, the events giving rise to his claims took place at Augusta State Medical Prison.

Plaintiff's request to "supplement the record" is therefore **GRANTED**.

Despite consideration of the new grievance documentation provided by Plaintiff, the Court finds that Plaintiff's objections are without merit. Plaintiff objects on the basis that he filed an initial informal grievance relating to his medical care and did not receive a response within the time frame set forth in the Department of Corrections' Standard Operating Procedures ("SOP"). (Doc. no. 11, p. 2.) Additionally, Plaintiff's newly submitted documentation reveals that he filed a separate grievance regarding the prison officials' failure to provide a timely response to his initial grievance. (See doc. no. 12-1, pp. 1-3.)

However, the new documentation also reveals that on August 18, 2010, Plaintiff did receive a response from his warden regarding his initial grievance – the grievance that relates to his claim in this case. (Doc. no. 11-1, p. 4.) Moreover, there is nothing to suggest that Plaintiff appealed the denial of that grievance to the Department of Corrections, as was his option under the applicable grievance procedures.[2] See SOP IIB05-0001 § VI. Regardless of whether any of the responses to Plaintiff's grievances were outside the SOP time frames, the fact remains that Plaintiff had received a response from his warden to the relevant grievance before filing his complaint in this case on September 16, 2010. But rather than exhaust his remedies by appealing the warden's unfavorable resolution of that grievance,

---

[2]Plaintiff's documentation shows that he did appeal the denial of his grievance regarding the timeliness of prison officials' response to his initial grievance to the Department of Corrections. (Doc. no. 12-1, p. 1.) In fact, Plaintiff prevailed on that appeal, with the result that "[t]he issue of responding to grievances within the allotted time frames [was] discussed with prison officials." (Id.) However, the failure by prison officials to respond to grievances within SOP time limits is not determinative where, as here, Plaintiff ultimately received a response from prison officials regarding the medical grievance relevant to his claim in this case and did not appeal the matter to the Department of Corrections.

Plaintiff filed his complaint in federal court. Thus, Plaintiff filed his complaint without utilizing all of the steps in the grievance procedure, and his claim remained unexhausted when he commenced this case. Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that a prisoner must "us[e] all steps" in the administrative process to properly exhaust his claims). Plaintiff has therefore provided no basis for departing from the Magistrate Judge's conclusion that Plaintiff failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a), and his objections are **OVERRULED.**

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies, and this civil action is **CLOSED.**

SO ORDERED this 10th day of March, 2011, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA